UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN PAYNE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:02 CV 1246 RWS |
| | ) |
| MICHAEL L. KEMNA | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This matter is before the court upon remand from the United States Court of Appeals for the Eighth Circuit.[1] Missouri state prisoner Petitioner Juan Payne seeks a writ of habeas corpus under 28 U.S.C. § 2254. Because I find that the three grounds raised by Payne do not entitle him to relief, I will deny his petition.

**I. PROCEDURAL BACKGROUND**

On April 30, 1996, a jury found petitioner Juan Payne guilty of armed criminal action and second-degree murder.[2] (Doc. 9 Ex. A at 80-81.) The trial court sentenced petitioner to consecutive terms of life imprisonment on August 9, 1996. (Id. at 174-76.) The Missouri Court of Appeals affirmed. (Id. Ex. G); State v. Payne, 958 S.W.2d 561 (Mo. Ct. App. 1997). On April 6, 1998, petitioner filed a motion for post-conviction relief under Missouri Supreme Court

---

[1] Payne v. Kemna, 441 F.3d 570 (8th Cir. 2006) (federal habeas corpus petition was timely and case remanded).

[2] At petitioner's first trial, he was found guilty of first-degree murder, but the trial court granted petitioner's motion for a new trial finding it had erroneously admitted prejudicial hearsay testimony. (Doc. 9 Ex. A at 115.)

Rule 29.15.  (Id. Ex. I at 2.)  That motion was denied following an evidentiary hearing. (Id. at 14-22.)  Petitioner appealed and the Missouri Court of Appeals reversed in part and remanded the case for supplemental findings.  (Id. Ex. N.); State v. Payne, 21 S.W.3d 843 (Mo. Ct. App. 1999). On June 14, 2000, the circuit court denied relief.  (Doc. 9 Ex. P at 5-8.)  The Missouri Court of Appeals affirmed.  (Id. Ex. T); State v. Payne, 52 S.W.3d 585 (Mo. Ct. App. 2001).

The Missouri Court of Appeals recounted the facts proven at trial:

> The defendant does not challenge the sufficiency of the evidence to support the verdict, and so a relatively brief statement of facts will suffice.  Gerald Akins, the victim's companion, was the only eyewitness, and there are few items of circumstantial evidence.  Akins and Arlee Jones, the victim, were walking about midnight of July 10, 1993 in the vicinity of Ridge and Union in the West End of St. Louis.  Jones was "high," and postmortem examination showed that he had recently used alcohol, cocaine and heroin.  Akins testified that he had not been drinking or using drugs.
>
> At the intersection of Ridge and Union they saw two men on the other side of the street who approached them with drawn guns.  The defendant said to the victim, "you're the one," and the victim replied "I'm not the one."  After more conversation along these lines the defendant shot the victim several times.  Akins understandably retreated from the scene as quickly as possible and returned to his home.  The victim was dead on arrival at a hospital.  Akins had no phone and did not call the police until the following morning, from a phone booth.  A policeman picked him up and drove him downtown to the homicide bureau, where he was questioned initially by Detective Timothy Kaelin.  The police report, to which Kaelin contributed, made no mention of any description given to Kaelin by Akins. Kaelin showed him some pictures of police characters, from which he could not make a definite identification, but he indicated that one "looked like" the gunman. The pictures Kaelin showed him were not further identified and Kaelin took no part in the remaining investigation.
>
> Akins was then questioned by other officers and a large number of pictures were shown him a day or two later.  He pointed to a picture of the defendant, who was then arrested and placed in a lineup.  Akins picked the defendant out of the lineup.

State v. Payne, 958 S.W.2d at 562-63; (Doc. 9 Ex. G at 1-2).

Petitioner's federal court petition for a writ of habeas corpus alleges the following

grounds for relief:

> (1) The trial court denied his right to compulsory process because Det. Timothy Kaelin did not attend petitioner's trial.
>
> (2) Petitioner received ineffective assistance of trial counsel because counsel failed to call petitioner to testify about his alibi.
>
> (3) Petitioner received ineffective assistance of trial counsel because counsel failed to call three relatives of petitioner as alibi witnesses.

Respondent argues that these grounds are without merit.

## II. STANDARDS FOR REVIEW

Federal habeas relief may be granted by a federal court on a claim previously adjudicated on its merits in a state court only when petitioner can show the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999)(internal quotation citation omitted.). The issue a federal court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000)(concurring opinion of O'Connor, J.). A federal habeas court may

not issue a writ under the "unreasonable-application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411; see also Johnston v. Luebbers, 288 F.3d 1048, 1050 (8th Cir. 2002), cert. denied, 539 U.S. 1166 (2003).

## III. DISCUSSION

### A. Ground 1

The Sixth Amendment provides that "[i]n all criminal prosecutions the accused shall enjoy the right to . . . have compulsory process for obtaining witnesses in his favor . . . ." U.S. Const. amend. VI. To show that he was deprived of his constitutional right to compulsory process, a habeas petitioner must show that the testimony of the witness whose presence he wanted would have been favorable to him and material to his defense. United States v. Cannon, 475 F.3d 1013, 1023 (8th Cir. 2007).

In Ground 1, petitioner claims the trial court denied his right to compulsory process because Detective Timothy Kaelin did not attend petitioner's trial. The dispositive facts are those which the Missouri Court of Appeals recounted from the record before it. Det. Kaelin interviewed the only witness to the homicide, Gerald Akins. Akins did not provide Kaelin with any physical description of the man who shot the victim. Akins did review some pictures provided by Kaelin, but made no positive identification. Kaelin took no further part in the investigation. (Doc. 9 Ex. G at 1-2.)

A few days later, Akins was questioned by other officers and he identified petitioner from photographs and a police lineup. Defense counsel determined that Kaelin was a material witness to discrediting Akins, who had a substantial criminal record and provided inconsistent testimony at the

first and second trials.  (Id. at 2.)

The St. Louis Metropolitan Police Department requires service of subpoenas for officers to be served on its liaison office seven working days prior to the court date, which here was set for Monday, April 22.  A subpoena for Kaelin was rejected by the liaison office because it was served on April 15, only seven calendar days before the trial date.  Counsel was then directed to serve the subpoena on the Homicide Bureau.  However, the secretary authorized to accept service was not present when service was attempted, and Kaelin went on a scheduled vacation on April 19 with no knowledge of the subpoena.  (Id. at 2-3.)

Defense counsel never verified whether Kaelin received the subpoena and was not aware of his absence until the day of trial.[3]  The trial court denied petitioner's motion for a continuance and Kaelin never testified at trial.  (Id. at 3.)

Petitioner argues that Kaelin's testimony would have demonstrated to the jury that Akins was unable to provide a description of the assailant less than one day after the shooting.  (Doc. 1 at 13.)  Also, petitioner argues that Akins misidentified the shooter in photographs presented by Kaelin, and Kaelin failed to keep these photographs or a record of them, evidencing an improper investigation by the police.  (Id.)

The Missouri Court of Appeals considered this claim and found it to be without merit.  (Doc. 9 Ex. G at 2-6.)  Although the court criticized the police department for its poor handling of the subpoena, the court did not find that Kaelin's testimony would have helped the defendant to any substantial degree or to an extent warranting a new trial.  (Id. at 5-6.)  In reviewing the record, the

---

[3] The initial trial began April 22, however, a second trial began on April 23, as a result of improper comments and statements to the venire panel during the voir dire examination.  (Doc. 9 Ex. C-1 at 32.)

court found Kaelin's testimony offered nothing which was not shown by other evidence at trial. His testimony was offered predominately as impeachment material. However, Akins was subjected to substantial impeachment questioning at trial (Id. Ex. C-3 at 530-85) and the jury still found petitioner guilty. See also State v. Payne, 958 S.W.3d at 563-65.

Upon review, the court concludes that the facts determined by the state courts are supported by the record and are entitled to deference by this court under 28 U.S.C. § 2254(d). Further, the Missouri Court of Appeals denial of relief on petitioner's Ground 1 was reasonable. Petitioner has failed to show that Kaelin was a material witness in his case and thus petitioner was not denied his right to call witnesses in his favor under the compulsory process clause of the Sixth Amendment.

Ground 1 is without merit.

### B. Ground 2

In Ground 2, petitioner alleges he received ineffective assistance of trial counsel because his attorney failed to call petitioner to testify about his alibi. Petitioner further argues that counsel's failure to allow him to testify, although petitioner requested to testify, was unreasonable and fell below the standards required of a reasonable, competent attorney. (Doc. 1 at 17); (Doc. 9 Ex. P at 99.)

There are two elements to a claim of constitutionally ineffective assistance of counsel. A habeas petitioner first must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In this regard, petitioner must overcome a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Cagle v. Norris, 474 F.3d 1090, 1097 (8th Cir. 2007).

The second element requires that a habeas petitioner demonstrate actual prejudice resulting

from counsel's deficient performance. Strickland, 466 U.S. at 687. This requires a showing that counsel's errors were so serious as to deprive petitioner of a fair trial with a result that is reliable. Id.

The record indicates that petitioner's Ground 2 is without merit both factually and legally. On appeal, the Missouri Court of Appeals stated:

> The record shows that trial counsel testified at the evidentiary hearing that he strongly encouraged [petitioner] not to testify throughout the proceedings, but left the decision up to [petitioner]. Trial counsel further testified that [petitioner] understood he had a right to testify and that he never refused to allow him to do so. Finally, trial counsel testified that the decision not to testify was ultimately made by [petitioner].
>
> Trial counsel's advice was reasonable because, if [petitioner] had testified at his trial, he would have been subject to cross-examination by the prosecutor about the stabbing and the threats he purportedly made to the victim. This evidence would have gone to show [petitioner's] motive for shooting the victim and would have been harmful to his defense. Trial counsel's advice was also reasonable because of [petitioner's] poor performance in his practice cross-examination by trial counsel and co-counsel. [Petitioner's] first point is not meritorious.
>
> In his second point, [petitioner] claims the motion court clearly erred in finding that there was no reasonable likelihood that the outcome of the [petitioner's] second trial would have been different had he testified in support of his alibi defense.
>
> [Petitioner] contends that he would have testified as to his alibi if trial counsel permitted him to take the stand. The motion court noted, however, that in his first trial, [petitioner's] alibi defense was presented and he was found guilty of first degree murder. At the second trial, where no alibi defense was presented, [petitioner] was found guilty of second degree murder. We find that there is no reasonable likelihood that the outcome of [petitioner's] second trial would have been different had [petitioner] testified in support of his alleged alibi.
>
> Although the trial court granted [petitioner] a new trial due to the improper admission of hearsay evidence after his initial trial, this does not change the fact that the jury in that trial rejected [petitioner's] alibi defense. The jury could not have found [petitioner] guilty if they believed he was somewhere else at the time of the murder. The fact that [petitioner] is now alleging error in the failure to present his own testimony in support of his alibi does not change this fact. Thus, the motion court did not err.

(Doc. 9 Ex. T at 6-7.)

The record supports the findings of the Missouri courts. (Id. Ex. J at 62-92)(testimony of petitioner's counsel at post-conviction motion hearing). Therefore, those findings of fact are entitled to deference by this court. 28 U.S.C. § 2254(d).

The decisions of the Missouri state courts on Ground 2 were reasonable. Petitioner testified at his first trial and was found guilty of first-degree murder. Trial counsel decided not to call him in the second trial because counsel did not want evidence introduced of an earlier incident where the victim stabbed petitioner. Counsel also felt petitioner had not done well in prior cross-examination by the state. As the appellate court noted, petitioner presented his alibi defense at his first trial and the jury still found him guilty of the greater offense.

While petitioner correctly asserts that a criminal defendant has the right to testify in his defense at trial, see Rock v. Arkansas, 483 U.S. 44, 49 (1987), nothing in the record indicates that petitioner was denied this right. Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following less thorough, but nevertheless reasonable, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690-91.

Petitioner has failed to demonstrate that trial counsel performed unreasonably or that he was prejudiced by counsel's performance.

This ground for relief is without merit.

### C. Ground 3

In Ground 3 petitioner alleges he received ineffective assistance of counsel because trial counsel failed to call three relatives of petitioner as alibi witnesses, Menetpa Mujahi, a/k/a/ Melvin

Lattimore, Leon Lattimore and Nathan Lattimore.

These witnesses were called at petitioner's first trial and each testified to an alibi defense. (Doc. 9 Ex. J at 67.) The jury at petitioner's first trial found him guilty of first-degree murder. At the second trial, defense counsel decided not to use these witnesses.

The Rule 29.15 hearing court found petitioner's claim meritless after reviewing the testimony of the alibi witnesses, because

> [Trial counsel] decided, as a matter of trial strategy, not to offer the alibi defense. This decision, given the fact that [petitioner's] alibi defense was rejected by the jury in the first trial, was a rational and informed determination by counsel.

(Doc. 9 Ex. I at 18-19.) The court of appeals affirmed this determination, noting that:

> [t]he alibi witnesses were all family members and [trial counsel] felt their use in [petitioner'] first trial was not effective and decided not to use them in the second trial as a matter of trial strategy.

(Id. Ex. N at 4-5.)

In addition to the reasons relied on by the circuit and appellate courts, trial counsel also provided the circuit court with additional reasons he decided not to call these three witnesses at the second trial. Specifically, the alibi was "fraught" with weaknesses. First, Nathan and Leon Lattimore had been "drinking excessively" throughout the night and had a very vague recollection of the time they were with petitioner. Second, Melvin Lattimore could not account for the entire time petitioner was in the house. Finally, the state's closing argument at the first trial centered on the weaknesses in petitioner's alibi and trial counsel believed this was the basis for the jury's

decision. (Id. Ex. J at 68-69.)

Petitioner further argues that he, along with his three family members, were present and prepared to testify at the second trial and the first indication that none would testify regarding the alibi was when trial counsel summarily rested petitioner's case. (Doc. 1 at 19.) Trial counsel testified that he discussed the problems with the alibi with petitioner after the first trial. (Doc. 9 Ex. J at 68.) However, after the state's evidence was presented at the second trial, trial counsel and petitioner agreed it was not in petitioner's best interest to put on a defense. (Id. at 70.)

While petitioner argues that a criminal defendant has the right to call witnesses on his own behalf, reasonable trial strategy by counsel does not violate any of petitioner's constitutional right in this regard. Cf. Frey v. Schuetzle, 151 F.3d 893, 899 (8th Cir. 1998)("Counsel's reasons for advising Frey not to testify show that the advice was reasonable trial strategy based on counsel's professional evaluation of the case"). Here, trial counsel did not fail to call these witnesses, but rather chose not to call them based on sound trial strategy.

The determinations by the state courts are reasonable and supported by the record. Factual findings such as these are entitled to deference under 28 U.S.C. § 2254(d). Petitioner has failed to demonstrate that trial counsel performed unreasonably or that he was prejudiced by counsel's performance.

This ground for relief is without merit.

### D. Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could

resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I do not find that Payne has made such a showing on the grounds raised in his habeas petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Juan Payne's's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability in this matter.

A separate judgment in accordance with this Memorandum Opinion is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2007.